Zhang v. Lynch

BIA
Balasquide, IJ
A087 446 563

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand sixteen.

PRESENT:
            DENNIS JACOBS,
            BARRINGTON D. PARKER,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

WU BING ZHANG,
            *Petitioner,*

            v.                                    13-2040
                                                  NAC

Loretta E. Lynch, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Stephen J. Flynn, Assistant
                       Director; Lynda A. Do, Attorney;
                       Jeffrey R. Meyer, Attorney, Civil

**Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wu Bing Zhang, a native and citizen of China, seeks review of a May 2, 2013 decision of the BIA affirming a June 3, 2011, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wu Bing Zhang*, No. A087 446 563 (B.I.A. May 2, 2013), *aff'g* No. A087 446 563 (Immig. Ct. N.Y. City June 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Given the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In the main, Zhang challenges the denial of his asylum application as untimely. The Immigration and Nationality Act strips the federal courts of jurisdiction to review the agency's finding that an asylum application was untimely. 8 U.S.C. §§ 1158(a)(3); 1158(a)(2)(B). Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law" arising from untimeliness determinations. 8 U.S.C. § 1252(a)(2)(D). To determine whether jurisdiction exists in a particular case, we must "study the arguments asserted" and ask, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" in which case those particular issues could be addressed. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *see also Liu v. I.N.S.*, 508 F.3d 716, 720 (2d Cir. 2007).

Zhang's arguments fall squarely into the category of mere quarrels. He points to his own testimony and contends that the IJ erred in three respects: by requiring

3

corroborating documents; by declining to credit Zhang's explanations for those documents' unavailability; and by giving insufficient weight to the one document that Zhang did produce. Zhang frames these arguments as legal errors committed by the IJ. At bottom, however, he contends that the IJ should have given his testimony and document more weight – enough to meet his burden of proof. He thus "disputes the correctness of [the] IJ's fact-finding,"an issue over which this Court has no jurisdiction. *Xiao Ji Chen*, 471 F.3d at 329.

Zhang also challenges the BIA's denial of his motion to remand his case to the IJ. We have jurisdiction to review that decision.

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). "To prevail on the motion, the movant must also establish *prima facie* eligibility for asylum, *i.e.*, 'a realistic chance' that he

4

will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). This Court reviews the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *I.N.S. v. Doherty*, 502 U.S. 314, 322-23 (1992)).

The BIA did not abuse its discretion when it concluded that Zhang could have presented his new submissions at his merits hearing. Zhang produced four new documents with his motion to remand: an affidavit and permanent resident card from the friend who met him upon his arrival in New York; his own affidavit; and a record from a Chinese hospital. In his brief to the BIA, Zhang explained that after the merits hearing, he located (and reconciled with) his friend and recalled receiving treatment at a hospital in China. He did not, however, explain why he could not have handled these tasks prior to his merits hearing. Consequently, the BIA did not abuse its discretion in denying the motion.

The government moves to dismiss Zhang's petition insofar as it challenges the denial of asylum, and seeks summary denial of the petition insofar as it challenges the denial of Zhang's motion to remand. We have considered the merits brief submitted by Zhang, and we treat the

5

government's motion as a response to it.  For the foregoing reasons, the petition for review is DENIED and the government's motion is DENIED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk